IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL TRADE COMMISSION, <br> 600 Pennsylvania Avenue NW <br> Washington, DC 20580, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br>Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against the Federal Trade Commission to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant Federal Trade Commission ("FTC") is an agency of the U.S. Government and is headquartered at 600 Pennsylvania Avenue NW, Washington, DC 20580. Defendant FTC has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On November 14, 2022, Plaintiff submitted a FOIA request to the FTC seeking access to the following public records:

> Records and communications maintained by Lina Khan, Chairperson, U.S. Federal Trade Commission (FTC) including memoranda, reports, briefings, hand-written notes, email communications, email chains, email attachments and other form of records or communications exchanged regarding or referring to Mr. Elon Musk, CEO, Twitter, or the company Twitter with the below named individuals:
>
> The individuals are:
>
> (a) Commissioner Noah Joshua Phillips
> (b) Commissioner Christine S. Wilson
> (c) Commissioner Rebecca Slaughter
> (d) Commissioner Alvaro Bedoya

The time frame of the request was identified as "May 1, 2022, to present."

6. Plaintiff received an email that same day, November 14, 2022, acknowledging receipt of the request and advising Plaintiff that the request had been assigned tracking number #FOIA 2023-00282.

7. As of the date of this Complaint, the FTC has failed to: (i) produce the requested records or demonstrate that the records are lawfully exempt from disclosure; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any

withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Defendant is in violation of FOIA.

10. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11. Plaintiff has no adequate remedy at law.

12. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by December 13, 2022, at the latest.

13. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  March 14, 2023

Respectfully submitted,

*/s/ Paul J. Orfanedes*
PAUL J. ORFANEDES
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Fax:    (202) 646-5199
Email: porfanedes@judicialwatch.org

*Attorney for Plaintiff*